Good morning, Your Honors. May it please the Court, this is Han Zhangxu, I am counsel for Petitioner Dongxu Li. Can I first reserve two minutes for rebuttal? Keep your eye on the clock, if you will. Sure, thank you. Petitioner Li is a Chinese citizen who used to own a branch or franchise of a government-owned travel agency in China. Li refused to cancel or forfeit the franchise agreement with the government-owned travel agency, and was then seen by the Chinese government as an obstacle to their planned merger with another government-owned travel agency. To get rid of Li, the Chinese government framed Li for embezzling over 1 million USD customer and charged him for contractual fraud. Li fled to the U.S. The IJ and BIA found Li credible, but ruled that Li failed to provide corroborative evidence to show that first, Li was actually charged with a crime in China, and second, that Li's wife was tortured by the police as an accomplice to his crime, and three, that... A key problem here is the issue of nexus. I mean, because with his testimony accepted as credible, there's a fair amount of evidence in the record that the government corruptly wanted to get his franchise and was willing to, according to his story, to frame him in a bogus prosecution to do that. But to be eligible for asylum or withholding, there has to be a connection to a protected ground, and the fact that the government is behaving corruptly and avariciously towards a particular person is not tied to a protective ground. That was one of the grounds that the agency relied on. So can you address that issue? Yes, sure, Your Honor. So the protective ground in our case, we're claiming the political opinion that Li is a person against the Chinese government policy of taking over private companies. But does that really qualify as a protected ground? You know, if he has a political opinion about the government, that's one thing. But in this case, they charged him basically with stealing a million dollars. That's a prosecutorial decision. He doesn't like that. We understand that. But how does that qualify as meeting a protected ground? So the charge and the prosecution was pretextual and was motivated by Mr. Li's political opinion and his actions. Okay, let's take that as true for purposes of our discussion. How does that qualify as a protected ground? Your Honor, if the government prosecution is in fact motivated by Mr. Li's belief and action, that political opinion is presumed, Your Honor. Well, let me put it a different way. We get cases with some frequency, sadly, where people have been charged with criminal offenses in their home countries. And some have been successfully prosecuted. Others have fled. Your position would be that they could all say, hey, I strongly disagree with my government because it charged me with a crime. That's a political opinion. Therefore, it's protected. Is that your position? No, Your Honor. So if Mr. Li actually committed the crime? That's not the point. It isn't whether he committed it. It's whether he's being persecuted for having, in this case, an implied political opinion. And I'm trying to draw your attention to the fact that the fact that someone is charged with a crime, if they think that their government improperly charged them with a crime, that's not a political opinion, at least under our case law. So I'm asking you to help me how, in your case, there's a distinction here. Your Honor, I believe the criminal charge is one thing. But the other thing is that the Chinese government framed Li for embezzling one million U.S. dollars. I understand your point. You're not answering my question with respect. I'm asking you how that and your client's disagreement with the charge is a political opinion for purposes of constituting a protected class. The political opinion is that he refused to cancel the franchise agreement, that he does not agree with the Chinese government policy of taking over private companies. But the agency essentially found that the reason why he was being framed or prosecuted, framed according to your view, is that they wanted the company. They just were greedy, and they wanted the franchise. And that isn't a nexus to a – even if you claim a protected – the causation, the nexus, why they're doing it, you have to attack the agency's finding. And I'm not sure I see why it's not supported by substantial evidence. I don't know. So the nexus is that because Li had this political opinion and his action reflecting this political opinion, the Chinese government then framed him for embezzling the money and then charged him falsely for the crime that he never committed. That's the nexus. I think we're kind of going round and round on this particular point of the argument. Let me ask you, did you waive the failure to consider evidence argument by failing to bring it up and bringing relevant case law in your brief, your opening brief? No, Your Honor. In what way? Your Honor, what way, what specific – Why didn't you waive it if you didn't bring it up by citing case law in your argument? Your Honor, I believe the main issue in BIA and IJ's decision is that there's not enough corroborative evidence. The nexus issue is not the main issue that the IJ and BIA made the decision. You want to save your time for rebuttal? Yes, Your Honor. Very well. Yes. Okay. Thank you, Your Honor. Let's hear from the government. Good morning, Your Honors. May it please the Court, Matthew George for the Attorney General. Substantial evidence supports the agency's determination here that Petitioner failed to show that any harm he may experience in the future would be on account of the protected ground. He testified that the business dispute, as he's further elaborated today, his refusal to cancel the franchise agreement was the motive for framing him for fraud. As we've – as the panel has pointed out so far, he's failed to show that he expressed a political opinion, much less that the Chinese government investigation into his alleged fraud was a pretext for persecution of him on account of his supposed political opinion or other protected ground. While he asserts his innocence and lack of motive to steal the money, the agency is not compelled to find his credible testimony persuasive or sufficient. The record confirms that the money really is missing and that the police are investigating, but the record is otherwise silent regarding his political opinion as a motive. Can I ask you about the torture convention claim? Because the BIA – I mean, the IJ says in two different places in her decision that there was no evidence to show the wife was tortured other than the photos and respondents' testimony. It said on page 8, and then in the footnote on page 11, it's repeated the only proof of the respondent's wife's alleged torture by the Chinese government was respondent's testimony and two pictures. And in his brief to the BIA, he specifically said that contrary to that conclusion, the medical records were additional evidence of the injuries. And then the BIA says the respondent does not meaningfully identify any errors. Why isn't that just all wrong? Well, first, petitioners waived that issue at minimum by not arguing it meaningfully in his brief. I've got his brief in front of me, and on page 80, he repeats the argument that the other than the photos comment is factually wrong. That's exactly this point. Well, just because the board didn't explicitly mention it doesn't mean that it didn't consider it. Well, no. What they say is respondent does not meaningfully identify any errors. But, in fact, his brief has a patent error in it, which is that the IJ says there's only two items of evidence, and that's not true. You may not think the third item of evidence is worth anything, but it is an item of evidence, and the IJ just clearly and mistakenly overlooked it. Why am I wrong in thinking that? Well, it's something that the immigration judge didn't think was meaningful, or the board didn't think was meaningful. But that's not what they said. They said there wasn't any other evidence, not that there was evidence but it wasn't worth anything. They just said it wasn't there, and that just is factually wrong. And normally when an agency overlooks evidence, we can't do anything other than send it back to say you need to take another look and now look at all the evidence. We're not allowed to sort of weigh it ourselves. I haven't looked at that specifically. I don't know exactly what the agency was thinking in that instance. I would point out that the overall analysis would sort of have the same gloss, I suppose, about the prosecution versus, in this case now, torture. But it doesn't because the primary problem with the asylum and withholding is the nexus issue. A greedy and corrupt government wanting somebody's franchise is not a basis for asylum. But there's no nexus for the torture convention, and the wife, her confinement, and her claim that she was hit with this electric baton, that is something that smacks of torture. And so if the agency didn't consider that evidence properly, then we'd normally need to send it back, right? If there is overlooked evidence, I would agree generally. I'm not sure I can make that statement in this case. But I think the overall prosecution versus torture or persecution argument would still apply even in the CAT context, simply because someone is legitimately going to be prosecuted. And, I mean, there's a host of problems with looking at someone else who's not even in the same necessarily position. That's an inferential leap that we're going at to say that what happened to his wife is what's going to happen to him. Let me ask you this. Let's assume for a moment that the points raised by my colleague absolutely go against the government, but that the other requirements to show a CAT finding, such as acquiescence to the government, et cetera, et cetera, were not shown and were not exhausted. What happens then? Is there any point in sending it back if the other part of CAT is not exhausted? Well, no. The petitioner would have to show all the elements so that there's an error in everything. If a petitioner waives a dispositive element, an acquiescence is an independent dispositive element. And what is the government's position on whether the petitioner has waived, for example, acquiescence by the government in its brief and its presentation to the BIA? Our position is that petitioner failed to exhaust the CAT claim in general, and specifically with acquiescence would be a part of that. I mean, is there really an argument on acquiescence when the main claim factually for the torture convention was that in response to his arrest warrant and his flight, that his wife was also picked up and then was held for two weeks and hit with an electric baton? It wasn't a private agency that was doing that to her. The allegation is that it's the government. So government acquiescence is not an issue when the government is the one wielding the electric baton, is it? That would generally be the case. I don't know that petitioner made that explicit argument. I would think that argument doesn't actually have to be made when the evidence does refer to the police. But there is a question about whether Mr. Lee exhausted the convention against torture issue generally in front of the board, correct? Yes, Your Honor, that's our general position, is that he's failed to make a meaningful argument to the board, and therefore he's failed to exhaust it. Whatever that means now, the court has said it's now a claims processing rule and it's just denied claims in that instance. He's also waived it before the court by failing to offer a meaningful argument in his brief. Does the BIA follow the rule that cross-reference in a brief is a forfeiture? Because in the torture convention section, it says for the reasons stated above, he's demonstrated. And one of the reasons above is that the IJ was factually wrong in overlooking evidence about the wife's mistreatment. So that's not a sufficient – that cross-reference isn't a sufficient preservation of a claim? In this instance, the board found it wasn't. And that's within their discretion to do. And that would be within the court's discretion to do, simply because you – I understand, like, the federal rules explicitly allow you to make adoptions and things like that. I'm not sure if the board has a similar rule. But the board is allowed to construe briefs how it would like to do. And here it's determined that Petitioner failed to make a meaningful argument on the cat issue in the board brief. And that's a failure to exhaust. So the government's position, I gather, is that if any portion of a critical element in the cat claim was not properly presented to the BIA that is not exhausted, then even though there may have been a direct mistake made by the IJ and later the BIA about certain evidence, that that doesn't matter because cat fails. Is that a long way to explain the government's position? Generally, I would agree with that. In this case, it's because the board said that they failed to make the meaningful argument. And therefore, that's why we're making a failure to exhaust claim. It's because that's how the board has interpreted it. And in addition, the same error is repeated in the opening brief here. There's no meaningful argument. Therefore, Petitioner has waived it before the court. Unless the court has other questions, the court should deny the petition. Okay. Other questions by my colleague? No, thank you. All right. Thank you very much. All right. Let's have some rebuttal then. Thank you, Your Honor. Your Honor, I review the brief submitted to the board. I did argue the nexus issue, my brief to the board. And regarding the brief submitted to this court, I believe since the BIA's decision did not specifically argue nexus issue, the only time the board said there's no nexus between the political opinion and— Let me ask you this. We've talked about nexus, and I think we have different perspectives on that. But as you know, there is an issue here about CAT. What is your best argument that your client did not waive essential elements of his CAT claim? Your Honor, so the biggest error that the IJ and the BIA made is that they conclude some facts that was wrong, and they did not consider— Okay. Forgive me, counsel. Either I'm not saying this right or you're not understanding me. We're talking about the CAT claim, and we're talking about whether all of these elements have been exhausted. You know what I mean by exhausted, right? Yeah. Okay. What would you say to the court to substantiate your position that each essential element of your CAT claim was not or was exhausted? Your Honor, I did argue CAT claim in the brief to the board, but generally. But I referred to my previous argument made in the asylum section of the brief. I did not waive any argument for the CAT. I just cross-referenced to the claim that I made in the— So basically whatever you said with respect to asylum and withholding is what you want us to consider as being a part of your CAT claim. Is that correct? Yes, Your Honor. Okay. Other questions by my colleagues? All right. Thank you to both counsel for your argument. The case just argued is submitted. Thank you, Your Honor.
judges: SMITH, Hamilton, COLLINS